PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CV-02094-KJM-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| 1979 LEARJET 25D CENTURY III, TAIL NO. N25CY, INCLUDING ALL LOG BOOKS AND OTHER DOCUMENTS RELATED TO HISTORICAL AIR TRAVEL FOR THE LEARJET, | |
| APPROXIMATELY $394,741.75 IN U.S. CURRENCY, | |
| APPROXIMATELY $37,825.70 IN U.S. CURRENCY, AND | |
| APPROXIMATELY $6,076.38 IN U.S. CURRENCY, | |
| Defendants. | |

Pertaining to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  The United States represents it could show at a forfeiture trial that sometime prior to February 2017, a group of individuals used money derived from the sale of marijuana to collectively purchase a 1979 Learjet 25D Century III, Tail No. N25CY, including all log books and other documents related to historical air travel for the Learjet (collectively referred to as "the defendant

Learjet"). The defendant Learjet was later registered in the name of a foreign trust but controlled by Manish Patel ("Patel" or "claimant"). On occasion, Patel used the defendant Learjet to fly between California and other states such as New York and New Jersey in order to meet with people involved in the marijuana industry. Clients of Patel's obtained a license to cultivate marijuana and manufacture cannabis-derived products under California state law, which would allow those clients to cultivate marijuana and manufacture marijuana-derived products under California state law. In 2019, Patel's clients lost their license. Thereafter, Patel helped his clients to negotiate the lease for a commercial building in El Dorado County, California.

2. The United States represents on May 13, 2019, following an investigation by the El Dorado County Sheriff's Office, law enforcement applied for and obtained a search warrant for the commercial property leased by Patel's clients. Later, law enforcement identified a residential rental property located in Granite Bay, California ("the Granite Bay residence"), where Patel stayed during his trips to California. Law enforcement obtained a warrant to search the Granite Bay residence. Law enforcement located the safe inside the bedroom of the Granite Bay residence, and inside the safe law enforcement found approximately $389,310.00 in cash (the "defendant currency"). The parties agree and stipulate $250,000.00 of the cash found inside the safe constituted proceeds derived from the sale of marijuana. Law enforcement also found $37,250.00 in cash at the Granite Bay residence.

3. The United States represents that on June 13, 2019, law enforcement obtained a search warrant allowing them to search a hangar at Mather Field Airport housing the defendant Learjet as well as the defendant Learjet itself. Law enforcement executed the search warrant. Inside the defendant Learjet, law enforcement found $6,000.00 in cash and boxes filled with marijuana-derived products, including a box containing boxes labeled "Three Kings Cannabis Vape Cartridge" (the "Vape Cartridges").

4. The United States represents the Vape Cartridges were designed to be used through an electronic cigarette or vape pen and had been manufactured to affect the structure or any function of the body of human beings. The Vape Cartridges had been manufactured with items shipped in interstate commerce, and the Vape Cartridges were intended for later delivery for retail sale. The Vape Cartridges were in package form; however, the packages did not identify the Vape Cartridges'

manufacturer, packer, or distributor. Also, the Vape Cartridges' packages did not contain directions for use. Consequently, the Vape Cartridges were misbranded. Patel admits he received the misbranded Vape Cartridges in interstate commerce which would later be proffered for delivery for pay through retail sale.

5. On June 18, 2020, an Indictment was filed in the Eastern District of California charging Manish Patel with Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana and Tetrahydrocannabinol in violation of 21 U.S.C. §§ 841(a)(1) and 846, two counts of Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1), and two counts of Possession with Intent to Distribute Tetrahydrocannabinol in violation of 21 U.S.C. § 841(a)(1). The Indictment contained a Forfeiture Allegation that included the defendant Learjet and defendant currency. On September 7, 2023, an Information was filed charging Manish Patel with a violation of 21 U.S.C. §§ 331(c) and 333(a)(1) – Receipt of Misbranded Drugs in Interstate Commerce. The United States and Patel entered into a plea agreement wherein he agreed to sign a Stipulation for Consent Judgment of Forfeiture forfeiting his right, title and interest in the defendant Learjet and $250,000.00 of the defendant currency.

6. The United States could further show at a forfeiture trial the defendant Learjet and defendant currency are forfeitable to the United States under 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees an adequate factual basis exists to support forfeiture of the defendant Learjet and defendant currency. Claimant acknowledged he is the sole owner of the defendant Learjet and defendant currency, and no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant Learjet and defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter under 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue under 28 U.S.C. § 1395, as this is the judicial district in which the

defendant Learjet and defendant currency were seized.

10. The parties herein desire to settle this matter under the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the following defendant Learjet and defendant currency, shall be forfeited to the United States under 21 U.S.C. § 881(a)(6), to be disposed of according to law:

    a. 1979 Learjet 25D Century III, Tail No. N25CY, including all log books and other documents related to historical air travel for the Learjet, and

    b. $250,000.00 of the Approximately $394,741.75 in U.S. Currency, together with any interest that may have accrued on that amount.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following defendant currency shall be returned to claimant Manish Patel through his attorney Vikas Bajaj:

    a. $144,741.75 of the Approximately $394,741.75 in U.S. Currency, together with any interest that may have accrued on that amount.

    b. Approximately $37,825.70 in U.S. Currency, plus any accrued interest and

    c. Approximately $6,076.38 in U.S. Currency, plus any accrued interest.

4. Mather Aviation LLC recorded a lien on September 11, 2019, against the defendant Learjet under Chapter 19.5 of the California Business and Professions Code in the amount of $728.75. Epic Aviation, LLC filed an unrecorded Claim of Lien against the defendant Learjet on September 20, 2019, in the amount of $9,396.02 plus daily accrued interest. Upon forfeiture and sale of the defendant Learjet, the United States will not contest payment of any legitimate liens from the proceeds of sale.

5. The United States of America and its servants, agents and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant Learjet and defendant currency. This is

a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

6. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action under Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

7. All parties will bear their own costs and attorney's fees.

8. As provided by the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause under 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant Learjet and defendant currency.

IT IS SO ORDERED

DATED: October 11, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE